AVERY LAMENTE DAVIS,

      Plaintiff,

      v.                              Case No. 26-CV-237

BROWN COUNTY JAIL, et al.,

      Defendants.

## ORDER

Plaintiff Avery LaMente Davis, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Although Plaintiff is no longer incarcerated, the Prison Litigation Reform Act (PLRA) applies to this case because he was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). On February 12, 2026, along with his complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee. The next day, the Clerk's Office mailed Plaintiff a letter advising him that he is required to submit a certified copy of his institutional trust account statement for the six-month period preceding the filing of his complaint. Dkt. No. 3.

On February 20, 2026, Plaintiff submitted a partial trust account statement for the period covering February 1, 2026, to February 12, 2026. Dkt. No. 4. That same day, the Clerk's Office sent Plaintiff a letter reminding him that he must submit his institutional trust account statement. Dkt. No. 5. It advised that the statement should cover the period of December 25, 2025 (the date of Plaintiff's arrest), to February 12, 2026. *Id.* On March 19, 2026, the Court ordered Plaintiff to submit his institutional trust account statement by March 27, 2026. The Court warned that if

Plaintiff failed to do so, the Court would dismiss this action without prejudice based on Plaintiff's failure to pay the filing fee.  Dkt. No. 9.

On March 30, 2026, Plaintiff submitted a letter advising that he was only in jail for two months and that he submitted his complete trust account statement with the Court.  Dkt. No. 10. Yet, Plaintiff's trust account statement only covers the period from February 1, 2026, to February 12, 2026.

The Court has not received a copy of Plaintiff's trust account statement for the period of December 25, 2025 (the date of Plaintiff's arrest), to February 12, 2026, nor has Plaintiff informed the Court of any challenges preventing him from arranging the submission of his trust account statement.  Under 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  Because Plaintiff has failed to comply with this requirement, the Court will deny his motion for leave to proceed without prepayment of the filing fee and will dismiss this case without prejudice based on Plaintiff's failure to pay the filing fee.  In the event Plaintiff refiles the case while he is not incarcerated, he will not be subject to the requirements of the PLRA.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.  This case is **DISMISSED without prejudice** based on Plaintiff's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff's motion to add parties (Dkt. No. 7) is **DENIED as moot**.

2

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 statutory filing fee over time as he is able. Plaintiff must forward payments to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on April 6, 2026.

s/ *Byron B. Conway*

BYRON B. CONWAY
United States District Judge